UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

EDIER GOMEZ,                        )
        Petitioner,                 )
                                    )
        v.                          )   C.A. No. 06-10837-MLW
                                    )
UNITED STATES OF AMERICA,           )
        Respondent.                 )

                       MEMORANDUM AND ORDER

WOLF, D.J.                                        February 15, 2010

I.   INTRODUCTION

   On April 25, 2006, pro se petitioner Edier Gomez moved, under 28 U.S.C. §2255, to vacate, set aside, or correct his sentence. Petitioner alleges ineffective assistance of counsel. On October 10, 2006, the Government filed a Response to Petitioner's §2255 Motion and Request for Summary Dismissal. For the reasons described below, the petition is being denied as time-barred and the motion for summary dismissal is being allowed.

II.  FACTS AND BACKGROUND

   On February 14, 2003, petitioner pled guilty, pursuant to a plea agreement, to two counts of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(A)(ii), and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(ii) and 18 U.S.C. §2. On August 22, 2003, petitioner was sentenced to 151 months in prison, five years supervised release, and a $50,000.00 fine.

1

Judgement was entered on August 22, 2003.  There is no indication in the record that petitioner appealed.  The instant §2255 motion was filed on April 25, 2006.

III. DISCUSSION

Motions pursuant to 28 U.S.C. §2255 are governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA").  See Barreto-Barreto v. United States, 551 F.3d 95, 98.  AEDPA provides that, "[a] 1-year period of limitation shall apply to a motion under [§2255]."  28 U.S.C. §2255(f).  Under AEDPA, §2255 motions must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claim presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).  Based on the circumstances of the instant case, the statue of limitations began to run on the date on which the judgment of the conviction became final.  See 28 U.S.C. §2255(f).  The judgment became final when the time for filing for

direct review expired, ten days after the judgment was entered. See Fed. R. Ap. Proc. 4(a)(1); Trinkler v. United States, F.3d 16, 20 (1st Cir. 2001).

Judgement against the petitioner was entered on August 22, 2003. Therefore, the judgment became final ten days later, on September 1, 2003. Accordingly, petitioner was time-barred from filing a petition after September 1, 2004, one year later. Thus, petitioner's motion filed on April 25, 2006, is untimely and must be dismissed. See Barreto-Barreto, 551 F.3d at 98-99.

IV. CERTIFICATE OF APPEALABILITY

Pursuant to the Rules Governing Section 2255 Proceedings the court must "issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the party." Rule 11. The right of appeal from denial of a motion under §2255 is governed by the COA requirements of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). See Petrocelli v. Agelone, 248 F.3d 877, 883 (9th Cir. 2001); 28 U.S.C. §2253. Determining whether a COA should issue where the petition was dismissed on procedural grounds includes two questions, one directed at the underlying constitutional claims and one directed at the District Court's procedural holding. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). AEDPA permits a COA to be granted where a supposed antecedent procedural bar prevented the District Court from reaching the constitutional claim if (1) the

soundness of the procedural ruling is debatable, and (2) the constitutional claim is colorable. See Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002).  "Section 2253 mandates that both showings be made before the Court of Appeals may entertain an appeal." Slack, 529 U.S. at 485.  Therefore, a COA will not issue if either question is answered in the negative.  See id.

To meet both elements for a COA, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural rulings." Id. at 478.  An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).  However, the "issuance of a COA must not be pro forma or a matter of course" because by enacting AEDPA "Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not."  Id. at 337.

The instant appeal can be disposed of properly by looking only at the soundness of the court's procedural decision.  See Slack, 529 U.S. at 485; Mateo, 310 F.3d at 40.  The court has found petitioner's claim barred by AEDPA's one-year statute of limitations.  The statute of limitations clearly had expired on

September 1, 2004, over a year before petitioner filed his §2255 motion.

In light of the unquestionable expiration of the statute of limitations, no reasonable jurist could find the conclusion that the petition is time-barred to be debatable.  See Slack, 529 U.S. at 478; Trujillo v. Tapia, No. 09-2185, 2010 WL 93125, at *1 (10th Cir. Jan. 12, 2010) (concluding that district court was correct in holding defendant's petition time-barred and thus denying his appeal for COA because the petition was not within AEDPA's statute of limitations).  Therefore, a COA is not being granted.

V.  ORDER

Accordingly, it is hereby ORDERED that:

1.  Respondent's Motion for Summary Dismissal (Docket No. 7) is ALLOWED.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence(Docket No. 1) is DENIED.

3.  A Certificate of Appealability is DENIED.

      /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE